UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RONALD M. HAWRELAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-03026 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendant Commissioner of Social Security's ("the Commissioner") Motion to Remand Due to Missing Recording (d/e 10) and Plaintiff's Motion to Strike the Motion to Remand (d/e 12).  For the reasons below, Defendant's Motion to Remand (d/e 10) is GRANTED and Plaintiff's Motion to Strike (d/e 12) is DENIED.

# I. BACKGROUND

In 2005, Plaintiff Ronald Hawrelak was receiving Social Security retirement benefits of $1,625 per month. At some point in 2007, the Social Security Administration ("SSA") learned Plaintiff was also receiving payments from a Canadian pension plan for work not covered under Social Security. The SSA then recalculated Plaintiff's Social Security benefits under a special formula for persons receiving foreign pension plans. This resulted in a reduction of Plaintiff's benefits to $1,483.40 per month. The SSA also determined that Plaintiff was overpaid Social Security benefits in the amount of $2,400 before the new benefit amount went into effect. Plaintiff asked the SSA to reconsider these changes and in May of 2008, submitted a hearing request before an Administrative Law Judge ("ALJ"). In March 2009, a hearing was held and the ALJ ruled that the reduction in benefits and overpayment calculations were proper. On February 5, 2013, Plaintiff filed a Complaint seeking review of the ALJ's decision.

On June 13, 2013, Defendant filed a Motion to Remand the case to the Commissioner because the recording of Plaintiff's hearing before

the ALJ is missing and a transcript cannot be prepared. Without the transcript, Defendant contends Defendant will be unable to respond to Plaintiff's Complaint before this Court. Defendant states that upon remand, the SSA will look for the missing recording. If the SSA cannot locate the recording, the Commissioner will remand the case for a <u>de novo</u> hearing before an ALJ. Plaintiff objects to Defendant's Motion to Remand, arguing that Defendant lacks the requisite good cause for this Court to remand the case. Plaintiff also emphasizes that he has expended considerable time and effort pursuing this case and does not believe that his case should be further delayed due to the SSA's error in misplacing the recording.

## II. ANALYSIS

District courts are authorized to remand cases to the Commissioner under sentences four and six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 97-98 (1991)("A district court may remand a final decision of the Secretary . . . in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision (sentence four), or in light of

additional evidence without any substantive ruling as to the correctness of the Secretary's decision (sentence six). . . ."). Pursuant to sentence six, a district court may remand a case upon motion by the Commissioner. The Commissioner must demonstrate good cause for the remand and must file any such motion before responding to the Plaintiff's complaint. See § 405(g). While on remand, the district court retains jurisdiction over the case. See Curtis v. Shalala, 12 F.3d 97, 100 (7th Cir. 1993)(contrasting sentence-six remands in which the district court retains jurisdiction while the post-remand administrative proceedings are pending with sentence-four remands where the court's remand order terminates the case).

   Here, the parties do not dispute that the Commissioner filed the present Motion before submitting a Response to Plaintiff's Complaint. The parties dispute whether a missing recording of the ALJ hearing constitutes the requisite good cause for a remand. Missing recordings do constitute good cause for remand.

   In fact, Congress contemplated precisely the situation of a lost recording when drafting § 405(g). H.R. Rep. No. 96-144, at 59 (1980):

> Where for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot be otherwise transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action

H.R. Rep. No. 96-944, at 59 (1980). See also Acevedo v. Barnhart, 474 F. Supp. 2d 1001, 1004 (E.D. Wis. 2007)("[I]t is clear that the Commissioner's inability to file a complete administrative record constitutes good cause for a sentence six remand under the first situation.")(relying on H.R. Rep. No. 96-944, at 59).

Furthermore, without a transcript of the administrative proceedings, the Court will be unable to meaningfully review the case. Therefore, Defendant's Motion for Remand is granted.

Notably, Congress intended such remands to be rare: "It is the hope of the conferees that remands on the basis of these breakdowns in the administrative process should be kept to a minimum so that persons appealing their decision are not unduly burdened by the delay." H.R. Rep. No. 96-144, at 59. Despite Congress's desires, these situations are anything but rare and occur with alarming frequency. See, e.g., McCullough v. Apfel, 95 F. Supp. 2d 956 n.2 (S.D. Ind. 2000)(noting that in one eight-month period, the Social Security Commission sought remand of 190 cases nationwide due to lost records); see Acevedo, 474 F.

Supp. 2d at 1004 (citing 11 district court cases in which Commissioner sought remands because of lost or incomplete records). These remands cause significant delay. One court found that the Commissioner's "standard practice" was to simply wait six to eight months for lost records to appear before taking any affirmative action to resolve the claim. McCullough, 95 F. Supp. 2d at 957 (stating that in the future the court would consider measures to keep claims from "falling between bureaucratic and judicial cracks"); see also Strother v. Astrue, 2008 U.S. Dist. LEXIS 66101, 5 (E.D. Tex. 2008) (remanding with instructions for the Commissioner to remand the case for a new hearing if the missing records were not located within forty-five days). Accordingly, to prevent undue delay, the Court remands this case with the instruction that the Commissioner must remand the case for a hearing before an ALJ if the lost record is not located within 60 days from entry of this Opinion.

### III. CONCLUSION

For the reasons stated, Defendant's Motion to Remand (d/e 10) is GRANTED, with the instruction that Defendant must remand Plaintiff's claim for a de novo hearing if the missing recording is not located within

60 days.  Plaintiff's Motion to Strike the Motion for Remand (d/e 12) is DENIED.  The case is STAYED until either the recording is located or a <u>de</u> <u>novo</u> hearing is conducted.  Accordingly, Plaintiff's pending Motion for Summary Judgment (d/e 11) is DENIED as MOOT.  Plaintiff may refile the Motion for Summary Judgment when the STAY is lifted.

ENTER: November 22, 2013.

FOR THE COURT:

s/ Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
United States District Judge