IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RONALD M. HAWRELAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-cv-3026 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant, | ) |

**REPORT AND RECOMMENDATION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Plaintiff Ronald M. Hawrelak appeals from a decision of the Defendant Acting Commissioner of Social Security to reduce his Social Security Retirement Benefits under the Social Security Act's Windfall Elimination Provision (Windfall Provision or WEP ), 42 U.S.C. § 415(a)(7). The Commissioner applied the Windfall Provision to Hawrelak's Retirement Benefits because Hawrelak became eligible to receive a pension under the Canada Pension Plan. Both parties filed motions for summary judgment. Motion for Summary Judgment (d/e 41); Motion for Summary Affirmance (d/e 44). For the reasons set forth below, this Court recommends that the decision of the Commissioner should be AFFIRMED.

STATEMENT OF FACTS

Hawrelak was born in Canada on June 21, 1940. He was a citizen of Canada. Certified Transcript of Proceedings before the Social Security Administration (d/e 37) (R.), R. 128; Memorandum of Law to Support Hawrelak's Motion for Summary Judgment (d/e 42) (Hawrelak Memorandum), at 24. From 1966 to 1976, Hawrelak worked in Canada for Avco Financial Services (Avco). Hawrelak states that Avco was a United States corporation headquartered in Newport Beach, California. Response to Defendant's Memorandum in Support of Motion for Summary Judgment (d/e 46) (Hawrelak Reply), at 2-3.

Canadian law required employees and employers to make contributions to the Canada Pension Plan for employees based on the employee's earnings from pensionable employment. The employer and employee each contributed an equal amount that was equal to a percentage of the employee's earnings above a minimum amount and below a maximum amount. Canada Pension Plan, R.S.C. c. C-8, §§ 8-9, available at http://laws-lois.justice.gc.ca/eng/acts/c-8/index.html (viewed February 11, 2015).[1] The percentages and the minimum and maximum amounts have varied over time. However, the contribution rates for

---

[1] The Canada Pension Plan excludes the province of Quebec, which has a separate pension fund not relevant here.

employees and employers for each year were equal for the applicable years.  Canada Pension Plan, R.S.C. c. C-8, §§ 11-1(a)(b), 113.1(7)(a).

In 1976, Hawrelak moved to the United States and worked in this country until retirement in 2005.  R. 388.  On November 24, 1993, Hawrelak became a citizen of the United States.  R. 112, 388.

On October 4, 2005, Hawrelak applied for Social Security Retirement Benefits based on his employment in the United States.  Hawrelak also applied for retirement benefits from Canada.

On November 9, 2005, the Canada Pension Plan informed Hawrelak that, due to his employment in Canada from 1966 to 1976, he was eligible to receive a monthly pension of $278.93 (Canadian), commencing in December 2005 (November 9, 2005 Notice).  R. 392.  The November 9, 2005 Notice stated that, "The monthly amount was calculated on the record of your contributions and earnings contained in the Canada Pension Plan . . . ."  R. 392.

On December 9, 2005, the Social Security Administration awarded Hawrelak a Retirement Benefit of $1625.00 per month.  The notice of the award stated that the payments would begin in December 2005.  R. 234.

On February 26, 2006, Hawrelak sent a letter to the Social Security Administration stating that he had applied for retirement benefits from

Canada. The letter stated that Hawrelak was approved for the $278.93 (Canadian) monthly payments from the Canada Pension Plan. Hawrelak asked for confirmation that his Social Security retirement benefits would not be subject to "any arbitrary reductions because of prior Canadian work or residency history." R. 238. Hawrelak received no response to this letter.

On January 9, 2007, the Canadian authorities notified Hawrelak that he qualified for a Canadian Old Age Security pension of $202.71 per month. This was in addition to his pension under the Canada Pension Plan. R. 391. The Old Age Security pension was based on years of residency in Canada, not his employment. See generally Old Age Security Act, R.S.C., 1985, c. O-9.

On June 19, 2007, the Social Security Administration issued Hawrelak a Notice of Change in Benefits. The Notice of Change in Benefits stated that the Windfall Provision applied to his Retirement Benefits because he was receiving a pension under the Canada Pension Plan. Hawrelak's recalculated Social Security Retirement Benefit was $1483.40. The Notice of Change in Benefits further stated that Hawrelak had been overpaid $2400.00. R. 59.

Under the Windfall Provision, a person's Social Security benefits will be reduced if: (1) (a) the person attains age 62 after 1985 . . . ; and (2) the

person "first becomes eligible after 1985 for a monthly periodic payment . . . which is based in whole or in part upon his or her earnings for service which did not constitute [employment covered by Social Security]." 42 U.S.C. § 415(a)(7)(A).[2]

Hawrelak challenged the determination that his Social Security retirement benefits were subject to the Windfall Provision. Hawrelak relied on a provision in the Social Security Administration's Program Operation Manual System (POMS), which states:

**A. Determining if payments are a pension**

**1. Pension contains employee and employer contributions**

    a. If employer contributions or employer and employee contributions are used to determine the payment, it is generally a pension subject to the windfall elimination provision (WEP).

    b. If only employee contributions are involved and the payment amount is based on employee contributions plus interest, i.e., a savings plan, it is subject to WEP, only if it is the primary retirement plan.

POMS RS 00605.364(A)(1). Hawrelak argued that subparagraph a. did not apply to his situation because his employer did not make contributions to the Canada Pension Plan based on his employment. He argued that his circumstance was governed by subparagraph b. Under that subparagraph,

---

[2] Hawrelak's Canadian Old Age Security pension did not trigger any reduction of Social Security retirement benefits under the Windfall Provision because the Old Age Security pension was based on residency, not employment. See POMS GN 00307.290(C)(6)(a).

Hawrelak contended that the Windfall Provision did not apply because his monthly payments from the Canada Pension Plan were not his primary retirement plan. See Hawrelak Memorandum, at 4-5.[3]

Hawrelak relied on the November 9, 2005 Notice to support his position that his employer did not make contributions to the Canada Pension Plan based on his employment. As quoted above, the November 9, 2005 Notice stated that his benefits were calculated on record of "your contributions and earnings contained in the Canada Pension Plan." He argued that this statement indicated that his pension from the Canada Pension Plan was not based on any contributions by Avco.

Hawrelak also relied on a document entitled, "Your Canada Pension Plan Statement of Contributions." R. 473-474 (Contribution Statement). The Contribution Statement is dated February 3, 2011. The Contribution Statement contains a chart with three columns. The first column is entitled, "Year"; the second columns is entitled, "Your contributions ($)"; and the third column was entitled, "Your pensionable earnings ($)[1]". The information in the columns under these three headings show Hawrelak's pensionable earnings for the years 1966 to 1976 and his contributions to

---

[3] The ALJ agreed that Hawrelak's benefits under the Canada Pension Plan were not his primary retirement plan. R. 65.

the Canada Pension Plan for those years.  The columns show no earnings and no contributions after 1976.  R. 473.

The Contribution Statement's footnote 1 referenced in the title of the third column, states, "You and your employer each paid contributions of 4.95% on your earnings between the minimum of $3,500 and the maximum of $46,300 for 2009.  These are called 'pensionable earnings.'  Self-employed individuals paid contributions of 9.9% on these amounts."  R. 473.  Hawrelak argued that these documents demonstrated that only he contributed to the Canada Pension Plan, not his employer.  He argued that based on POMS RS 00605.364(A)(1), his payments under the Canada Pension Plan did not trigger the Windfall Provision.

An Administrative Law Judge (ALJ) held a hearing on his case on March 10, 2009, and issued an opinion on March 24, 2009.  R. 164-66.  The ALJ held that the Windfall Provision applied and the reduction in Social Security retirement benefits was properly calculated.  The Appeals Council denied Hawrelak's request for review on December 6, 2012.  R. 95.  Hawrelak brought this action to seek judicial review of that decision.  The matter was remanded to the Commission under 42 U.S.C. § 405(g) sentence six because the Commission lost the tape recording of the

hearing before the ALJ.  Opinion entered November 26, 2013 (d/e 19).  The Court ordered the Commission to conduct a de novo hearing.  Id., at 6-7.

On July 25, 2013, the Commissioner waived Hawrelak's obligation to repay the claimed $2,400.00 overpayment in a separate proceeding. R. 258.  This decision did not affect the reduction of Hawrelak's ongoing Social Security Retirement Benefits under the Windfall Provision. Hawrelak's challenge to the reduction continued to proceed before the Commission on remand.

The ALJ held another hearing on April 15, 2014.  R. 491-509.  The ALJ issued a new decision on May 9, 2014.  R. 50-72.  The ALJ again found that the Windfall Provision applied and that the Commission's calculations of the reduction were correct.  The ALJ stated that the Windfall Provision applied to the Canada Pension Plan benefits, but not the Canadian Old Age Security Program pension.  The ALJ relied on POMS GN 00307.290(C)(6)(a).  This provision states:

> a. Canada.  Payments made under the Old Age Security Program (OAS) are residence-based and may not be used to apply WEP.  Payments made under the Canada Pension Plan (CPP) or the Quebec Pension Plan (QPP) are earnings-based and are subject to WEP offset.

POMS GN 00307.290(C)(6)(a).

The ALJ rejected Hawrelak's argument that the Windfall Provision did not apply to him because he worked in private industry in Canada.  The ALJ stated that Social Security regulations provided that the Windfall Provision applied to "'pensions from noncovered employment outside the United States including both pensions from social insurance systems that base benefits on earnings but not residence or citizenship, and those from private employers' (20CFR § 404.213a(3))."  The Windfall Provision applied to any employment not covered by Social Security.  The Windfall Provision was not limited to government employment.  R. 65.

The ALJ also rejected Hawrelak's argument that the Windfall Provision did not apply because Hawrelak's employer Avco did not make contributions based on his earnings.  The ALJ stated that the November 9, 2005 Notice and the Contribution Statement did not discuss whether Hawrelak's employer made contributions.  The ALJ stated that the omission did not mean that Avco did not make contributions.  The ALJ noted that the footnote 1 on the Contribution Statement stated that the employer contributed to the Canada Pension Plan based on the employee's earnings.  The ALJ also cited websites administered by the Canada Pension Plan state that employers contribute to the Canada Pension Plan.  R. 66.

The ALJ concluded that Hawrelak's Social Security Retirement Benefits were subject to the Windfall Provision because Hawrelak was eligible to receive periodic pension payments under the Canada Pension Plan for work not covered by Social Security. The ALJ also concluded that the reduction in Hawrelak's Social Security Retirement Benefits was properly calculated. R. 72. Hawrelak appealed to the Social Security Administration Appeals Council.

As part of his appeal, Hawrelak submitted a letter to the Appeals Council dated May 27, 2014 from a Canadian official of the agency administering the Canada Pension Plan. The letter states, in part,

Dear Sir,

> This letter concerns your Canada Pension Plan.
>
> This letter is to advise you the contributions provided on your statement of contributions are your personal contributions to the Canada Pension Plan and does not include contributions from any employers.

R. 32. Hawrelak argued that this letter further supported his contention that Avco did not make contributions to the Canada Pension Plan based on his earnings.

On August 20, 2014, the Appeals Council vacated the ALJ's decision and entered its own decision. R. 7-11. The Appeals Council, however, adopted the ALJ's findings and conclusions. The Appels Council adopted

the ALJ's findings that the Windfall Provision was applied to Hawrelak to reduce his Social Security Retirement Benefits and that the reduction in Hawrelak's benefits was calculated correctly. R. 8. The Appeals Council further found that the ALJ did not abuse her discretion in this matter. R. 8-9. The Appeals Council concluded,

### DECISION

> It is the decision of the Appeals Council that the Windfall Elimination Provision has been correctly applied to the claimant's pension from the Canada Pension Plan and that the amount of his Retirement Insurance Benefits, together with the amount of the spousal benefit based on his Social Security account have been correctly calculated. It is the further decision of the Appeals Council that the overpayment to the claimant and his wife has been, and continues to be, waived.

R. 9 (emphasis in the original). The decision of the Appeals Council became the final decision of the Commissioner. R. 7. The matter then returned to this Court for review.

### ANALYSIS

This Court generally reviews the decision of the Commissioner to determine whether it is supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate" to support the decision. Richardson v. Perales, 402 U.S. 389, 401 (1971). This Court must accept the findings if they are supported by substantial evidence, and may not substitute its judgment. Delgado v.

Bowen, 782 F.2d 79, 82 (7th Cir. 1986).  In this case, the Appeals Council's decision is supported by substantial evidence.

Hawrelak's Social Security Retirement Benefits are subject to the Windfall Provision.  The Windfall Provision applies if: (1) the person attains age 62 after 1985, and (2) the person "first becomes eligible after 1985 for a monthly periodic payment . . . which is based in whole or in part upon his or her earnings for service which did not constitute [employment covered by Social Security]."  42 U.S.C. § 415(a)(7)(A).  Hawrelak attained age 62 after 1985; he became eligible for periodic payments based on his earnings in Canada from 1966 to 1976; and the periodic payments from the Canada Pension Plan were based on his employment in Canada.  Hawrelak's Canadian employment that was not covered by Social Security.  The Windfall Provision applies.

Hawrelak argues that the November 9, 2005 Notice, Contribution Statement, and the May 2014 Letter show that his employer Avco did not make any contributions to the Canada Pension Plan; therefore, he argues that, according to POMS RS 00605.364, his pension from the Canada Pension Plan did not trigger the Windfall Provision.[4]

---

[4] The Social Security Act provides that the Windfall Provision applies if the individual receives "a monthly periodic payment . . . which is based in whole or in part upon his or her earnings for service which did not constitute [employment covered by Social Security]" and the individual meets the other criteria not at issue here.  42 U.S.C. § 415(a)(7)(A).  Section 415(a)(7)(A) does not require employer contributions.  The

The Court disagrees. The documents cited by Hawrelak do not address whether Hawrelak's employer Avco made contributions. The May 2014 Letter only states that the Contribution Statement lists the employee's contributions only. The May 2014 Letter does not address whether the employer made contributions. The Contribution Statement only lists the employee's contribution. Footnote 1 on the Contribution Statement, however, states the employer and the employee both made contributions. The footnote supports the Appeals Council's conclusion that Hawrelak's employer contributed to the Canada Pension Plan based on Hawrelak's earnings. The footnote is also consistent with Canadian law. Canada Pension Plan, R.S.C., c. C-8 §§ 8-9, §§ 11.1(a)(b), and §§ 113.1(7)(a). The November 9, 2005 Notice states that his contributions and earnings were used to calculate his monthly benefit. The November 9, 2005 Notice does not state whether Avco contributed to the Canada Pension Plan based on his employment. These documents do not discuss whether Hawrelak's employer Avco contributed to the Canada Pension Plan on behalf of Hawrelak.

---

Court does not address any possible inconsistency between §415(a)(7)(A) and POMS RS 00605.364 (A)(1) because the evidence and Canadian law supports the ALJ's conclusion that Avco was required to contribute to the Canada Pension Plan based on Hawrelak's employment in Canada. Thus, any possible inconsistency does not affect the outcome of this case.

Canadian law, however, states that Avco was required to contribute to the Canada Pension Plan based on Hawrelak's employment. The Canada Pension Plan states that employers and employees were both required to make contributions based on earnings from pensionable employment. R.S.C. c. C-8, §§ 8-9. Therefore, under Canadian law, Hawrelak and his employer Avco were both required to contribute to the Canada Pension Plan from 1966 to 1976. Hawrelak's eligibility for monthly payments from the Canada Pension Plan was based, in part, on his pensionable employment. R. 392. That employment in Canada was not covered by Social Security. Hence, Hawrelak's Social Security retirement benefits are subject to the Windfall Provision. 42 U.S.C. § 415(a)(7)(A).

Hawrelak argues in his reply brief that his employment in Canada was not pensionable employment, but was excepted employment. <u>Hawrelak Reply</u>, at 3. The Canada Pension Plan defines "pensionable employment" as follows:

**6.** (1) Pensionable employment is

*(a)* employment in Canada that is not excepted employment;

*(b)* employment in Canada under Her Majesty in right of Canada that is not excepted employment; or

*(c)* employment included in pensionable employment by a regulation made under section 7.

R.S.C., 1985, c. C-8, § 6(1) (emphasis in the original). Section 6(2) contains a list of twelve categories of excepted employment. R.S.C., 1985, c. C-8, § 6(2)(a)-(k). Hawrelak argues that his employment was excepted employment under exception (h), which provides:

> (*h*) employment in Canada by an employer who employs persons in Canada but under the terms of a reciprocal agreement between the Government of Canada and the government of another country is exempt from liability to make the contribution imposed on an employer by this Act;

R.S.C., 1985, c. C-8, § 6(2)(h) (emphasis in the original). Hawrelak argues without any legal or factual support that a reciprocal agreement existed between Canada and the United States that exempted Avco from contributing to the Canada Pension Plan based on Hawrelak's earnings. Hawrelak Reply, at 3. The evidence and the law do not support Hawrelak's position.

The Contribution Statement states that Hawrelak made contributions to the Canada Pension Plan based on his employment in Canada from 1966 to 1976. Canadian law states that employees contributed to the Canada Pension Plan based on earnings from "pensionable employment." R.S.C., 1985, c. C-8 § 8. As quoted above, "excepted employment" was not "pensionable employment." R.S.C., 1985, c. C-8 § 6(1)(a). If Hawrelak's employment was excepted employment, then contributions

would not have been deducted from his earnings. Because contributions were deducted from his earnings, as reflected on the Contribution Statement, those earnings were from "pensionable employment," not "excepted employment." Canadian law also required Avco to make contributions based on Hawrelak's pensionable employment. R.S.C., 1985, c. C-8 § 9. The evidence supports the Appeal's Council's conclusion that Avco contributed to the Canada Pension Plan based on Hawrelak's employment from 1966 to 1976.

Hawrelak further provides no evidence of any reciprocal agreement between Canada and the United States that would have allowed Avco Financial to be exempt from contributing to the Canada Pension Plan. The Social Security Act authorizes reciprocal "totalization" agreements with other nations to allow individuals to count years of coverage by one of the country's social retirement system toward eligibility for benefits in the other country's system under limited circumstances. 42 U.S.C. § 433.[5] Section 433 of the Social Security Act does not authorize reciprocal agreements that allow United States companies to employ foreign nationals in their home country without contributing to the home country's social retirement

---

[5] Section 433 does not apply here because Hawrelak worked long enough in both Canada and the United States to qualify for benefits under both systems. See Georgiou v. Apfel, 50 F.Supp.2d 913, 917-18 (E.D. Mo. 1999).

system. Hawrelak cites no authority for such agreements, and further, cites no evidence that any such agreements exist.

The evidence supports the Appeals Council's finding that Hawrelak's Social Security Retirement Benefits were properly adjusted under the Windfall Provision. The Contribution Statement establishes that Hawrelak's employment in Canada was "pensionable employment" under the Canada Pension Plan. As such, Hawrelak's employment was not "excepted employment" under the Canada Pension Plan. Because Hawrelak's employment in Canada was pensionable employment, he and his employer were required to make contributions based on his earnings. R.S.C., 1985, c. C-8, §§ 8-9. Hawrelak's monthly benefits under the Canada Pension Plan were calculated based on his contributions and his earnings from his employment in Canada. R. 392. Hawrelak's employment in Canada was not covered by Social Security. Hawrelak became eligible for his Canada Pension Plan pension after 1985, and Hawrelak reached age 62 after 1985. As such, Hawrelak's Social Security retirement benefits are subject to the Windfall Provision. 42 U.S.C. § 415(a)(7)(A); POMS GN 00307.290(C)(6)(a), and POMS RS 00605.364. The Appeals Council did not err in making this finding.

Hawrelak also complained to the ALJ about the calculation of the adjustment to his retirement benefits based on the Windfall Provision. E.g., R. 327. The Defendant Commissioner has carefully rehearsed the calculations and demonstrated that the reduction was properly calculated. <u>Defendant's Memorandum in Support of Motion for Summary Judgment (d/e 45)</u>, at 7-13. There was no error in the calculations.

Hawrelak complains bitterly about procedural mistakes and improprieties in the handling of his case before the Social Security Administration. Some procedural errors may have occurred. Any errors, however, did not and could not change the outcome.

The application of the Windfall Provision is essentially a legal question. From 1966 to 1976, Hawrelak was a Canadian citizen working in Canada. Under Canadian law, he and his employer Avco contributed to the Canada Pension Plan based on his earnings. That employment was not covered by Social Security. He moved to the United States and worked for some 29 years until he retired in 2005. During that time, he became a citizen of the United States. His 29 years of employment in the United States were covered by Social Security. He became eligible to receive benefits under both the Canada Pension Plan and the Social Security Act based on these two distinct periods of employment. The Windfall Provision

applies under these circumstances. 42 U.S.C. § 415(a)(7)(A). Any procedural errors will not change the outcome. Therefore, any procedural errors were harmless. See Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010). The matter should not be remanded due to any procedural errors identified by Hawrelak.

THEREFORE, THIS COURT RECOMMENDS that the Defendant's Motion for Summary Affirmance (d/e 44) should be ALLOWED, and the Plaintiff's Motion for Summary Judgment (d/e 41) should be DENIED. The final decision of the Defendant Commissioner should be AFFIRMED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: May 7, 2015

                              *s/ Tom Schanzle-Haskins*
                        UNITED STATES MAGISTRATE JUDGE